WM. M. 'SIMPSON *v.* JOHN R. SPARKMAN *et al.*

1. SALE OF LAND. *Execution. Title of debtor passed to purchaser.* If any one of several executions under which the sheriff sells land is valid, the title of the debtor will pass to the purchaser.

2. SAME. *Same. Misprision of clerk.* The title of the purchaser of land under the levy of a justice's execution, and a judgment of condemnation thereon, cannot be collaterally impeached by the misprision of the clerk in omitting in the recital of the justice's judgment, the amount of the judgment, where the omission is supplied by other parts of the same entry.

3. SAME. *Same. Sheriff may apply surplus arising from sale.* After satisfying the execution under which land is sold, the sheriff may apply the surplus proceeds of sale to other executions in his hands, although not levied on the land; and if the execution creditor, with the assent of the sheriff settle with the purchaser, it will be as good as if the sheriff collected the money and paid it himself.

4. SAME. *Tender in redemption.* A tender in redemption of land is available as a defense only when sufficient in amount, set apart, and brought into court.

5. SAME. *Same. Partition.* The purchaser of an undivided interest in land at execution sale is entitled to have the land partitioned, but if the parties have made partition, and permanent improvements been put upon the part taken possession of in severalty by the

debtor or a person claiming under him, the partition will be directed to be so made as to include that part in the allotment to the purchaser, and there will be an account of rents and profits, and permanent improvements.

FROM VAN BUREN.

Appeal from the Chancery Court at Spencer. JNO. W. BURTON, Ch.

JONES & McELROY for complainant.

T. J. R. SWAFFORD and D. L. SNODGRASS for defendants.

COOPER, J., delivered the opinion of the court.

Ejectment bill filed August 8, 1879. The contest is between the complainant and the defendant, John R. Sparkman, both claiming under William Sparkman, the former by purchase of the land in controversy at execution sale, the latter by purchase from and conveyance by Sparkman himself. The chancellor was of opinion that the complainant had not acquired a valid title to the land, but gave him a decree for part of his bid on the land under the admissions of the answer. The Referees have reported in favor of the complainant's title, but have allowed the defendant further time to redeem. Both parties have excepted so as to open up the case.

The sale of the land, at which the complainant purchased, was made by the sheriff on July 2, 1877, under a *venditioni exponas*, and two, if not three, executions in hand against William Sparkman. On De-

cember 4, 1876, W. E. B. Jones recovered a judgment before a justice of the peace against Sparkman for $103.75 and costs. Execution issued on this judgment to the sheriff who levied it, December 12, 1876, upon the debtor's undivided interest in a certain tract of land, describing it, recently descended to him by the death of his father. The papers in the cause were returned into the circuit court, the land condemned, and a *venditioni exponas* issued, under which the sale was made. On January 23, 1877, the sheriff levied two executions from the circuit court against Sparkman for costs on the same land, and returned them for an order of sale because of the previous levy of the justice's execution. New executions were issued on these judgments, and were in the hands of the sheriff when the land was sold. On May 26, 1877, complainant recovered a judgment before a justice of the peace against William Sparkman for $335.36 and costs. Whether an execution was issued upon this judgment to the sheriff is left in doubt. If so, it was never returned. On the *venditioni exponas* and the court executions the sheriff made substantially the same return, that, after advertising and giving notice as required by law, he sold the land on July 2, 1877, to Wm. M. Simpson, he being the highest and best bidder, for $531.35, which includes, he says, the debt and costs in the judgment in favor of W. E. B. Jones, and all costs and commissions in the two court judgments, specifying them, "and a judgment debt in favor of Wm. M. Simpson against Wm. Sparkman; but no money paid to me, but costs settled with me and the

clerk, and debt settled with Jones." The proof shows
that Simpson settled with the parties interested for the
amounts called for in the *venditioni exponas* and exe-
cutions. The residue of the money bid was treated
by the sheriff as applied to the satisfaction of Simp-
son's own judgment. On August 17, 1878, the sheriff
executed to Simpson a deed for the land, reciting the
facts.

The defendant, John R. Sparkman, is a son of the
defendant, William Sparkman, and claims title under a
deed made to him by his father on March 3, 1877,
and registered on the second day of the succeeding
month. This deed undertakes to convey by metes and
bounds a definite part of the entire tract of land
descended to William Sparkman and his brothers and
sisters from their father, the undivided interest of
William Sparkman in which the sheriff had levied
upon and sold as aforesaid. The answer of William
and John R. Sparkman claims that the land was par-
titioned between William Sparkman and his co-heirs
before the levy of the execution in favor of W. E. B.
Jones. But there is no proof of any such partition.
The defendants introduced in evidence an agreement in
writing, signed by William Sparkman and the other
heirs, dated October 4, 1876, by which the contracting
parties agree that the daughters shall receive their
shares of the land, estimated at $600, in money, and
the sons their shares in land, to be divided, as the
instrument says, among them in accordance with the
directions of the father in his lifetime. The agree-
ment does not state what these directions were, nor

contain any partition of the land. It was not signed by all of the contracting parties until long after its date, nor registered until December 16, 1880. The proof shows that the tract of land specifically described in the deed under which John R. Sparkman claims, consists of about 93 acres, worth in 1876 from $450 to $600.

There having been no actual partition of the land before the date of the levy of the Jones' execution, the title of the complainant would be better than that of the defendant, John R. Sparkman, if the sale made by the sheriff was valid, because the title acquired thereunder would relate back to the levy. The defendant contends that the sale was void because it was made by the sheriff under two executions which were never levied, as well as under the *venditioni exponas* in favor of Jones; and because also the judgment of condemnation upon which the *venditioni exponas* issued does not show any judgment by the justice. The first point is clearly untenable, for the settled law of this State is that if any one of the executions under which the sheriff sells is sufficient, the sale is valid: *Glasgow* v. *Smith*, 1 Tenn., 144. The second point rests upon a clerical misprision. The papers of the justice filed in the circuit court as required by law shows a formal judgment in favor of the plaintiff against the defendant for $103.75 and all costs. The execution which was levied on the land follows the judgment strictly. But in the entry of condemnation the clerk has omitted the amount of the judgment, writing it thus: "Judgment against defend-

ant and in favor of plaintiff and all costs." The entry, however, gives the execution *in hœc verba,* which sets out the judgment correctly, and orders the land levied upon to be sold, "or so much thereof as will be sufficient to satisfy said plaintiff's debt and the costs, and the costs of the motion." The proceedings have been acquiesced in by the judgment debtor, and being now sought to be impeached collaterally, we think that the sale should not be treated as void for so obvious a clerical omission.

The exceptions of the defendants to the report of the Referees make the additional point that the sale under the *venditioni exponas* was void for want of legal notice. The exception is based entirely upon the fact that the sheriff, when examined as a witness, was unable to recollect the facts in relation to notice. But his return on the process, and deed to complainant, both recite that proper notice was given, and there is no proof to the contrary.

The defendant, John R. Sparkman, says in his answer, and shows by proof, that on May 30, 1879, he tendered to complainant $250 to redeem the land, and that the defendant refused to receive the money because it was not sufficient in amount to cover his bid with interest. The decree of the chancellor and the report of the Referees seem to have been qualified to some extent by these facts. But the defendant has filed no bill to redeem, and as a defense a tender in redemption is available only when sufficient in amount, set apart, and brought into court. The answer only offers to bring into court the amount of the Jones

judgment, interest and costs, and expressly says : "In
the event the court decrees the sale valid, respondent
only desires to pay the Jones judgment debt, interest
and costs, and respondent denies that he would be
liable for the expenses of sale." The sale of the
sheriff being valid, the redemption money would *prima
facie* be the amount bid with interest. The sheriff,
while he could not sell under a *fieri facias* not
levied, might apply the surplus proceeds of sale
to the satisfaction of such writs then in his hands
against the debtor : *Dolby* v. *Mullins,* 3 Hum., 437.
This was, in effect, what was done by the sheriff in
this case. He tells us so in his returns on the writs
and in his deposition. If the execution creditors,
with the assent of the sheriff, chose to settle with the
purchaser, instead of requiring the sheriff to go through
the form of collecting the money, and paying it over
to them, no person has any right to complain. The
judgment debtor could hold the sheriff liable for
the full amount of the bid, and the burden would be
upon the officer to show a legal appropriation of the
funds. As to the two court executions for costs,
there can be no doubt of the sheriff's power and
duty to apply the money in his hand to their satis-
faction. The only doubt is whether an execution on
the complainant's judgment was entrusted to him so
far as to bring it within the law. The complainant
thinks that it was, having given instructions to that
effect to the justice who rendered the judgment. Neither
the justice nor the sheriff can recollect the facts, but
the sheriff's returns on the writs produced show that

he thought he was authorized to pay the judgment'
and that he so intended to do. Under these circum-
stances, as the tender made by the defendant was not
sufficient in any event, and as we concur with the
Referees in the opinion that the deed from William
to John R. Sparkman was clearly fraudulent as to the
creditors of the former, we think that the ends of
justice will be more nearly attained by sustaining the
appropriation of the purchase money by the sheriff.

The complainant has made all the co-heirs of Wm.
Sparkman parties defendant, with a view to have a
partition of the land in the event of his recovery of
the undivided interest bought by him. He is entitled
to be put in possession of such undivided interest, and
to a partition as prayed. The proof in the record,
however, discloses the fact that the defendants have
gone into possession of several parcels under some kind
of agreement, and that the defendant, John R. Spark-
man, has made some permanent improvements on the
share of his father ' conveyed to him. Under these
circumstances, we think it proper to direct that in the
partition the commissioners be required to lay off the
complainant's share so as to include the land de-
scribed in the defendant's deed, and now held by him.
The commissioners will of course be authorized to give
complainant his equal share of the land at the date
of the levy of the Jones execution, in quality and
quantity. The complainant is entitled as against the
defendant, John R., to an account for rents up to
the surrender of possession, subject to a credit for the
permanent enhancement in value of the land at the

time by reason of improvements he may have put on the land.

The defendants, William and John R. Sparkman, will pay all the costs of the cause up to the rendition of this decree. The cause will be remanded for the account, the subsequent costs to be subject to the order of the chancellor.